[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant case arose out of a claim by the plaintiffs that they had claim for the conveyance of land by the defendant (now deceased) on which the decedent defaulted.
After a claim was denied by the executrix of the estate, the plaintiffs brought suit. Writ, Summons and Complaint, dated March 6, 1998, was delivered to the sheriff's office. The sheriff died, and no service of process was begun. Plaintiff discovered the death of the sheriff June 16, 1998, and immediately brought suit, which was duly served and returned to court. Defendant, the estate of Theresa Morton, has brought a motion for summary judgment alleging that the second suit is barred by the statute of limitations and cannot be saved by the accidental failure of suit statute because the initial suit brought in March of 1998 was not "commenced" within the meaning of the statute.
The question before the court is whether there is a reasonable dispute of fact under the pleadings and facts as alleged.
Plaintiff relies on General Statutes § 52-592, which reads as follows:
CT Page 2522 Sec. 52-592. Accidental failure of suit; allowance of new action. (A) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or ajudgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
 (B) When any action has been brought against an executor or administrator or continued against an executor or administrator after the death of the defendant and has failed for any of the causes listed in subsection (a) of this section, the plaintiff, or his executor or administrator in case a cause of action survives, may commence a new action within six months after the determination of the original action.
The plaintiffs claim that the sheriff to whom the original writ was given died before she could serve the writ; that the unavoidable accident or default or neglect of the officer to whom it was committed, portion of the statute applies to the facts of this ease. The defendant by its affidavit and memorandum in support of the motion for summary judgment denies those allegations and relies on its special defense of the statute of limitations.
The accidental failure of suit statute is remedial in nature. In a long line of cases, the Supreme Court has held that the statute bears a broad construction. Ruddock v. Burrowes,243 Conn. 569, 575 (1998). It is the policy of the law to bring about a trial on the merits whenever possible and to secure for the litigant his day in court. The plaintiff attempted to bring the action in a timely fashion when he delivered the original writ to the office of the sheriff. CT Page 2523
Based on the language and remedial purpose of General Statute52-592, as well as the court's reading of the death of a process serving official before service is made as an unavoidable accident or default of the officer to whom it was committed, defendant's motion for summary judgment is denied.
Kocay, J.